# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 11, 2009

Charles R. Fulbruge III
Clerk

No. 08-51243
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DANIEL SANTOS AMAYA-RODAS, also known as Juan Garcia, also known as Daniel Amaya,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-2426-ALL

Before REAVLEY, DAVIS, and GARZA, Circuit Judges.

PER CURIAM:[*]

Daniel Santos Amaya-Rodas, a Mexican citizen, appeals the 57-month prison sentence imposed by the district court after he pleaded guilty to illegal reentry pursuant to 8 U.S.C. § 1326(a). He argues that the sentence is greater than necessary to meet the sentencing goals outlined in 18 U.S.C. § 3553(a) and specifically asserts that, in light of *Kimbrough v. United States*, 128 S. Ct. 558 (2007), the presumption of reasonableness does not apply to his sentence within

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the guideline range because the illegal reentry guideline, U.S.S.G. § 2L1.2, is flawed in that it is not supported by "empirical data and national experience." Amaya-Rodas further asserts that the sentence fails to adequately account for his circumstances and motives and that the Sentencing Guidelines produce unwarranted sentencing disparities because of the random availability of "fast track" programs.

We have consistently rejected Amaya-Rodas's "empirical data" argument, concluding that *Kimbrough* does not question the presumption of reasonableness and does not require district or appellate courts to independently analyze the empirical grounding behind each individual guideline. *See United States v. Duarte*, ___F.3d___, No. 08-50902, 2009 WL 1515665 at *2 (5th Cir. June 1, 2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009). Amaya-Rodas has not rebutted the presumption that the district court sentenced him to a reasonable, properly calculated sentence within the guideline range. *See United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir.), *cert. denied*, 129 S. Ct. 328 (2008); *United States v. Alonzo*, 435 F.3d 551, 554-55 (5th Cir. 2006).

As Amaya-Rodas concedes, the argument that his guidelines range was excessive because it resulted in an unwarranted disparity between defendants to whom the "fast track" program is available and those to whom it is not available is foreclosed by current circuit precedent. *See United States v. Gomez-Herrera*, 523 F.3d 554, 563 (5th Cir.), *cert. denied*, 129 S. Ct. 624 (2008). Accordingly, this court need not consider it further.

Amaya-Rodas has not shown that the 57-month sentence imposed by the district court was unreasonable. Because the sentence was within the advisory guideline range of 57 to 71 months of imprisonment, it is entitled to a presumption of reasonableness. *See*, *Alonzo,* 435 F.3d at 554; *see also Rita v. United States*, 127 S. Ct. 2456, 2462 (2007). The record demonstrates that the district court properly made an individualized assessment to determine whether

a sentence within the guidelines range was sufficient but not greater than necessary to achieve the goals of § 3553(a). *See Rita*, 127 S. Ct. at 2463. Amaya-Rodas has failed to rebut the presumption of reasonableness that this court applies to his sentence within the guideline range. *See Campos-Maldonado*, 531 F.3d at 338; *see also Gomez-Herrera*, 523 F.3d at 565-66. The judgment of the district court is AFFIRMED.